IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KEITH BRYAN WEBB-EL,**

    Petitioner,

v.

**UNITED STATES PAROLE COMMISSION; I. JACQUEZ,**

    Respondents.

No. 3:24-cv-00195-MK

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Petitioner Keith Bryan Webb-El ("Petitioner") was convicted in 1985 of one count of murder and two counts of injury to a child. He was sentenced to a term of life imprisonment and two concurrent thirty-year terms. Before the Court is Petitioner's Motion for Preliminary Injunction, ECF No. 33, and a Motion to Amend that motion, ECF No. 37. For the reasons explained, the Motion for Preliminary Injunction, ECF No. 33, is DENIED. The Motion to Amend, ECF No. 37, is DENIED.

## BACKGROUND

The Court will summarize the relevant background, more fully set forth elsewhere in the record. In 1985, the U.S. District Court for the Western District of

Texas sentenced Petitioner to a term of life imprisonment and two thirty year terms to be served concurrently for one count of murder in violation of 18 U.S.C. § 1111 and two counts of injury to a child in violation of Texas Penal Code § 22.04(a). *See United States v. Webb*, 796 F.2d 60, 62 (5th Cir. 1986). On May 9, 2023, the Commission denied parole based on the Examiner's findings and recommendations. The Examiner explained that Petitioner's inability to address why he murdered a six-year-old child or what he would do in the future to ensure that he will not do it again created a reasonable probability that, were Petitioner to be released, he would violate a federal, state, or local law. Resp. Brief at 4; Ex. 2 at 9.

The Commission ordered "[n]o change in previous decision to deny two thirds parole and Continue to Expiration. You will be scheduled for a statutory interim hearing in May 2025. At that time, you will again be considered for release pursuant to 18 U.S.C. §4206(d)." *See* Resp. Brief at 4, ECF No. 53; Ex. 3 at 1. Petitioner timely appealed the Commission's decision to the National Appeals Board. *Id.* at 5; Ex. 4. On August 14, 2023, the National Appeals Board affirmed the Commission's decision to deny parole. *Id*; Ex. 5.

Following transfer to FCI Sheridan, Petitioner filed an Amended Petition pursuant to 28 U.S.C. § 2241 (ECF No. 31) and motions for preliminary injunction (ECF Nos. 33 and 37). In those motions, Petitioner requests release from federal custody on the following grounds:

> 1. The Parole Commission and Reorganization Act of 1976 ("Parole Act") and "Mandatory" Two-Thirds Parole (18 U.S.C. § 4206(d)) are unconstitutional and violate the Separation of Powers Doctrine;

      2. Respondents' use of 28 U.S.C. § 2255(a) as a "Procedural Bar Rule of Law" is unconstitutional, depriving him of his right to a "federal forum to seek a remedy for his [constitutional] rights under 28 U.S.C. § 2241(c)(3)"; and

      3. Respondents are "illegally restraining him in federal custody under the false pretent's(sic) of a fraudulent charge of second degree murder."

*See* ECF No. 31 at 6-8; ECF No. 33 at 4, 5; and ECF No. 37. At 3. In his Motion for Preliminary Injunction, Plaintiff seeks an order preventing Respondent from further restraining Petitioner. ECF No. 33 at 7.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted). For the Court to grant a motion for preliminary injunction, Petitioner must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

For a motion for preliminary injunction to succeed, all four elements must be met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Courts are "extremely cautious" about issuing "mandatory" injunctions. *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Mandatory preliminary relief is subject to heightened scrutiny and should not

be issued unless the facts and law clearly favor the moving party. *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

## DISCUSSION

### I.  Unlawful "Fraudulent" Charge/Conviction

Petitioner's central contention is that his conviction was fraudulent. The government contends that Petitioner's challenge to his conviction under 28 U.S.C. 2241 is improper, as it is not the appropriate mechanism to challenge the legality of his conviction. Resp. Brief at 16.

The Ninth Circuit has held that a 28 U.S.C § 2255 motion is, generally, the exclusive remedy for a federal prisoner who seeks to challenge the legality of his conviction and sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a section 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). As in Petitioner's previous habeas filings, he continues to challenge his conviction and life sentence for second degree murder imposed by the U.S. District Court for the Western District of Texas on the grounds that it was a fraudulent charge.

The Court finds that a section 2241 motion is not the appropriate mechanism to challenge the legality of Petitioner's conviction. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997) ("A section 2241 habeas petition is authorized only if the remedy available under section 2255 is inadequate or ineffective to test the legality

of [a defendant's] detention." (citations and quotation omitted)). And Petitioner has not shown that a section 2255 motion is inadequate or ineffective to test the legality of his continued detention. 28 U.S.C. § 2255; *see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999). Accordingly, Petitioner has failed to demonstrate a likelihood of success on the merits under *Winter*.

## II. Separation of Powers

Petitioner's "separation of powers" challenge to the constitutionality of the Parole Act and the Commission's decision to deny parole also fails to demonstrate a likelihood of success on the merits. The government asserts that Commission and the Parole Act does not violate the Separation of Powers doctrine by establishing parole eligibility guidelines. Resp. Brief at 11.

"The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission." *United States v. Addonizio*, 442 U.S. 178, 188-89 (1979). "Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate." *Id*. "In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls").

Accordingly, Petitioner's unsupported contention that the Parole Act and the Commission violate the Separation of Powers doctrine is rejected.

## III. Constitutionality of 28 U.S.C. § 2255

Petitioner also asserts as unconstitutional the statutory scheme requiring challenges to a conviction to be brought under a § 2255 motion. Petitioner fails to establish likelihood of success on the merits. In general, habeas corpus proceedings provide a form in which to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). While habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody, the primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1066 (9th Cir. 2023). Petitioner provides no basis for the Court to find that use of 28 U.S.C. § 2255 is an unconstitutional bar depriving him of his rights to challenge conditions of confinement under § 2241.

## IV. Motion to Amend

Petitioner also seeks to amend is motion for preliminary injunction. ECF No. 37. The Court has reviewed the motion to amend and fully considered how it altered, revised, changed, or improved the initial motion. The Court finds that none of Petitioner's amendments materially differ from his initial challenges, and therefore, denies the motion to amend.

## CONCLUSION

For the reasons explained above, Petitioner's Motion for Preliminary Injunction, ECF No. 33, and Motion to Amend, ECF No. 37, are DENIED.

It is so ORDERED and DATED this  9th   day of July 2024.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge