UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEITH BRYAN WEBB-EL,                      Case No. 3:24-cv-00195-MK

      Petitioner,                                          **FINDINGS AND RECOMMENDATION AND ORDER**

     v.

UNITED STATES PAROLE COMMISSION
and I. JACQUEZ, Warden,

      Respondents.
_____

**KASUBHAI**, Magistrate Judge.

      Petitioner, a self-represented litigant at the Federal Correctional Institution in Sheridan, Oregon, brings this action for habeas relief under 28 U.S.C. § 2241 and challenges his conviction for murder and his resulting life sentence. Petitioner cannot obtain habeas relief under § 2241, and the Petition should be denied.

1 -     **FINDINGS AND RECOMMENDATION AND ORDER**

## BACKGROUND

In 1985, Petitioner was convicted of one count of murder and two counts of injury to a child in the Western District of Texas. Petitioner's convictions arose from the assault and murder of his six-year-old son. The district court sentenced Petitioner to a term of life imprisonment and two concurrent thirty-year terms. *See United States v. Webb*, 796 F.2d 60, 62 (5th Cir. 1986).

On June 23, 1993, Petitioner received an initial parole hearing.[1] The United States Parole Commission (Commission) denied parole and ordered Petitioner's continued incarceration until his fifteen-year reconsideration hearing. Ureña Decl. Ex. 2 at 1 (ECF No. 54). Petitioner received statutory interim hearings in June 1995, August 1997, August 1999, August 2001, August 2005, and July 2007, and the Commission ordered no change to its original decision after each hearing. *Id.* Ex. 2 at 2; *see also* 28 C.F.R. 2.14(a) (stating that the "purpose of an interim hearing" is "to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing").

In April 2008, the Commission conducted a fifteen-year reconsideration hearing and ordered Petitioner's continued incarceration until the expiration of his sentence. *Id.*; *see also* 28 C.F.R. § 2.14(c) (providing that a "fifteen year reconsideration hearing shall be a full reassessment of the case"). Petitioner appealed, and the National Appeals Board affirmed the Commission's decision. *Id.*

After statutory interim hearings in 2010 and 2012, the Commission ordered no change in its previous orders that Petitioner serve to the expiration of his sentence. *Id.*

---

[1] Petitioner was subject to the parole system because he committed his offenses before November 1, 1987. *See Fassler v. U.S. Parole Comm'n; Romano v. Luther*, 816 F.2d 832, 833-835 (2d Cir. 1987).

**2 -    FINDINGS AND RECOMMENDATION AND ORDER**

In January 2014, the Commission conducted a mandatory parole hearing and again denied parole and ordered Petitioner to serve to the expiration of his sentence. Ureña Decl. Ex. 2 at 2. Between 2016 and 2021, the Commission conducted three interim hearings and denied parole after each hearing. *Id.* at Ex. 2 at 2-4.

On May 1, 2023, Petitioner appeared for another statutory interim hearing. *Id.* Ex. 2 at 7. The Commission ordered "[n]o change" to its "previous decision to deny two thirds parole and Continue to Expiration." *Id* Ex. 3 at 1. The Commission informed Petitioner that he "will be scheduled for a statutory interim hearing in May 2025" and "again be considered for release." *Id*

Petitioner timely appealed the Commission's decision, and the National Appeals Board affirmed. *Id*. Exs. 4-5.

Petitioner now seeks federal habeas relief in this Court.

## DISCUSSION

In his Amended Petition, Petitioner raises three grounds for relief. In Ground One, Petitioner claims that the "U.S. Parole Commission, 1976 Reorganization Parole Act, and the Title 18 U.S.C. § 4206(d) 30 Years Mandatory Release on Parole Statute" are unconstitutional. Am. Pet. at 6 (ECF No. 31). In Ground Two, Petitioner claims that Respondents' alleged reliance on 28 U.S.C. § 2255 as a "Procedural Bar Rule of Law" is unconstitutional and deprives him of his right to a "federal forum" to remedy the alleged violations of his constitutional rights. *Id.* at 7. Finally, in Ground Three, Petitioner claims that Respondents are illegally detaining him based on "fraudulent" charges. *Id.* at 8.

After Respondents filed their Response to the Petition, Petitioner moved to "strike" the Commission as a Respondent and Grounds One and Two of his Amended Petition. Pet'r Motion for Hearing and to Strike at 1 (ECF No. 59). The Court construes this motion as a motion to

3 -   FINDINGS AND RECOMMENDATION AND ORDER

dismiss the Commission as a Respondent and to withdraw Grounds One and Two. So construed, the motion is granted and the Court considers the claim raised in Ground Three.[2]

In support of Ground Three, Petitioner argues that the government is "executing his life sentence upon the false pretents [sic] of an [sic] fraudulent un-charged capital offense of second degree murder," a "crime that simply does not exist." Pet'r Reply at 7 (ECF No. 60). Petitioner thus contends that his confinement is "without legal authorization." *Id.* In other words, Petitioner challenges the underlying legal basis for his confinement.

Generally, the writ of habeas corpus is available to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). However, a federal prisoner who seeks to challenge the validity of his conviction or sentence must file a motion under 28 U.S.C. § 2255 rather than a habeas petition under 28 U.S.C. § 2241. *Pinson v. Carvajal*, 69 F.4th 1059, 1066 (9th Cir. 2023); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241.") (citation omitted).

Under the "escape hatch" exception to § 2255, a federal court may review a § 2241 petition challenging a federal conviction if the petitioner shows that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also* 28 U.S.C. § 2255(e). Pursuant to this exception, Petitioner must make a claim of "actual innocence" and

---

[2] Regardless, for the reasons set forth in Respondents' Response, Grounds One and Two do not provide a basis for habeas relief. *See* Response at 10-14 (ECF No. 53). Petitioner also filed motions to amend, for judicial notice, to allow further briefing, and for the appointment of counsel, and they are denied.

4 -    **FINDINGS AND RECOMMENDATION AND ORDER**

show that he has not had "'an unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d. at 898 (citation omitted).

Petitioner presents no evidence of actual innocence and fails to show that he has not been afforded "an unobstructed procedural shot" to challenge his conviction. In fact, Petitioner has filed several § 2255 motions challenging his conviction in the Western District of Texas and has filed numerous § 2241 petitions in a several district courts. *See United States v. Webb*, No. 3:83-cr-00172-FM (W.D. Tex. 1983) (ECF Nos. 154, 176, 184, 196, 197, 199, 208); *see also Webb-El v. United States Parole Comm'n*, 795 Fed. App'x 578, 579 (10th Cir. Nov. 18, 2019) (noting that "[s]ince his conviction, Mr. Webb-El has filed at least six unsuccessful motions pursuant to 28 U.S.C. § 2255 in the Western District of Texas in addition to numerous unsuccessful § 2241 petitions in other federal district courts"). Additionally, the United States Court of Appeals for the Fifth Circuit has sanctioned Petitioner based on his "long history of meritless or frivolous challenges to his conviction." *United States v. Webb*, No. 3:83-cr-00172-FM (ECF No. 226); *United States v. Webb*, No. 16-50378 (5th Cir. March 21, 2017). Thus, Petitioner's § 2241 Petition is not subject to review under § 2255's escape hatch.

Despite his avowed withdrawal of Ground Two, Petitioner continues to argue that § 2255 is unconstitutional if it is applied to preclude judicial review of his § 2241 Petition. However, Petitioner provides no viable grounds to support the claim that § 2255 is an unconstitutional bar to judicial review.

Finally, if the Petition is construed as a motion under § 2255 challenging the legality of his conviction, it is a successive motion and is barred. *See* 28 U.S.C. § 2255(h) (barring successive § 2255 motions absent authorization from the pertinent United State Court of Appeals).

5 -     **FINDINGS AND RECOMMENDATION AND ORDER**

**ORDER**

Petitioner's Motion to Strike (ECF No. 59) to dismiss the U.S. Parole Commission as a Respondent and to withdraw Grounds One and Two of his Amended Petition is GRANTED. The United States Parole Commission shall be dismissed as a Respondent in this action.

Petitioner's Motions to Amend/Clarify, for Judicial Notice, to Perfect Pleadings, and for the Appointment of Counsel (ECF Nos. 61, 62, 63, 65) are DENIED.

**RECOMMENDATION**

For the reasons explained above, the Amended Petition (ECF No. 31) is not subject to judicial review and should be DENIED. To the extent the Petition is construed as a Motion Under 28 U.S.C. § 2255, a Certificate of Appealability should be DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 14th day of August 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

6 -   FINDINGS AND RECOMMENDATION AND ORDER